UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE JONES,<br><br>   Plaintiff,<br><br>   v.<br><br>SAN FRANCISCO POLICE DEPARTMENT,<br><br>   Defendant. | Case No. 23-cv-05334-WHO (PR)<br><br>**SECOND ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff Monroe Jones alleges that the San Francisco Police Department has not returned property it confiscated from him. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

When the allegations are liberally construed, Jones has stated a due process claim against the San Francisco Police Department. Defendant is directed to file in response to the complaint a dispositive motion, or a notice regarding such motion, on or before **March 17, 2025**.

This is the Second Order of Service. The first service order was returned as unserved. (Dkt. No. 10.) The Clerk shall send this Order to the address provided in the conclusion of this Order.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

1  governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any
2  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
3  upon which relief may be granted or seek monetary relief from a defendant who is immune
4  from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed.
5  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Jones alleges that in April 2023, unnamed San Francisco police officers confiscated a pellet gun and holster and, despite his requests, the police department has not returned this property to him. (Compl., Dkt. No. 1 at 3.) When liberally construed, these allegations state a due process claim against the San Francisco Police Department.

Jones states that he could obtain the confiscating officers' names through discovery. This is unnecessary. Even if Jones had their names, they would not be the proper defendants. They merely confiscated his property, which is now in the possession of the San Francisco Police Department. (Also, Jones does not allege that the confiscation was improper.) Under these circumstances, service on the Chief of Police, William Scott,

seems the appropriate step.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court orders service of the complaint (Dkt. No. 1), and all attachments thereto, on defendant William Scott, the Chief of the San Francisco Police Department, at San Francisco City Hall, Room 200, 1 Dr. Carlton B. Goodlett Place, San Francisco, California 94109, and orders this defendant to respond to the cognizable claims raised in the complaint.

2. On or before **March 17, 2025**, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above, or otherwise respond to the complaint.

    a. If defendant elects to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant no later than forty-five (45) days from the date defendant's motion is filed.

4. Defendant shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendant, or on defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order. Such requests must be made directly to jail officials, not to the Court.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: November 5, 2024



WILLIAM H. ORRICK
United States District Judge

5